PER CURIAM.
Myrtle Grove, Inc., appeals a final judgment in a negligence action, awarding compensatory and punitive damages on account of injuries sustained by Irma Taylor. John Taylor, as guardian ad litem of Irma Taylor, cross appeals. We conclude that only one of the numerous issues raised by the parties merits discussion.
The trial court permitted Taylor’s demand for punitive, as well as compensatory, damages to be decided by the jury, denying Myrtle Grove’s motion for a directed verdict on the ground that the evidence was legally insufficient to support a demand for punitive damages. The jury found in Taylor’s favor, and awarded $100,-000.00 in punitive damages, in addition to $76,100.00 in compensatory damages. (The jury also found Taylor 5-percent comparatively negligent.)
Myrtle Grove filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial, arguing (among other things) that the evidence had been legally insufficient to support a demand for punitive damages. Although initially expressing concern about the sufficiency of the evidence to support such a demand, the trial court ultimately denied the motion for judgment notwithstanding the verdict. However, it granted the alternative motion for a new trial on the issue of punitive damages only, entering judgment for Tay *23 lor pursuant to the jury’s verdict as to compensatory damages. On appeal, Myrtle Grove argues that the trial court should have directed a verdict in its favor on the demand for punitive damages, because the evidence was legally insufficient to support such a demand. We agree.
To support an award of punitive damages in a negligence action, the conduct must correspond to that required to sustain a conviction for manslaughter. E.g., White Construction Co. v. Dupont, 455 So.2d 1026 (Fla.1984); Carraway v. Revell, 116 So.2d 16 (Fla.1959). Here, viewing the evidence in a light most favorable to Taylor, a reasonable jury could conclude that Myrtle Grove had been grossly negligent. However, gross negligence will not support an award of punitive damages. Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla.1986); Como Oil Co. v. O’Loughlin, 466 So.2d 1061 (Fla.1985). The evidence presented at trial was legally insufficient to support the award of punitive damages. Accordingly, the trial court should have granted Myrtle Grove’s motion for a directed verdict, and it was error to order a new trial instead.
We reverse the grant of a new trial on the demand for punitive damages, and remand with directions that the trial court enter judgment in favor of Myrtle Grove on that issue. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN, BOOTH and WEBSTER, JJ., concur.